USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/6/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          Plaintiff,

   -v-

JOEL LOPEZ,

          Defendant.
------------------------------------------------------------X

**ORDER**

19-CR-116 (KMW) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      This Order addresses an application by a defendant awaiting sentencing for temporary release from custody in light of his heightened vulnerability to COVID-19. Defendant Joel Lopez is currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, where at least several inmates have been infected with COVID-19 – although the exact number at the time of the issuance of this Order is unclear.[1] Lopez, who is 40 years old, suffers from asthma, and as such, it is not disputed that he is more susceptible than others to potentially getting very sick, or dying, from COVID-19. On January 22, 2020, Lopez entered a guilty plea to a narcotics conspiracy in violation of 21 U.S.C. secs. 846, 841(a)(1), and 841(b)(1)(C). Docket No. 123. Specifically, he pled guilty to "possess[ing] with the intent to sell heroin, cocaine, and fentanyl," and admitted that there was "an understanding

---

[1] The Government reports that the latest information it has received is that only two inmates at the MDC have tested positive to date. Defense counsel reports that five MDC staff members have tested positive as well.

1

[with others] that people would be selling these drugs." January 22 transcript at 12-13. His sentencing is not yet scheduled. He has been detained on consent since his arrest in 2019.

Given the nature of the charges to which Lopez pled guilty, his incarceration became effectively mandatory under 18 U.S.C. sec. 3143(a)(2). On March 26, 2020, the Court received a letter-application from defense counsel seeking an order, due to the discovery of COVID-19 at the MDC, granting Lopez temporary release on a number of conditions, including a $500,000 bond to be co-signed by five financially responsible persons and secured by the residence of one of the co-signers, home detention with electronic monitoring, and other conditions. Docket No. 153. As legal authority, defense counsel relies on 18 U.S.C. sec. 3145(c), which makes a limited exception to mandatory detention where, *inter alia*, "exceptional reasons" so justify.

On April 4, 2020, the Government submitted a letter opposing the request. The Government principally argues that the Court should deny defendant's application because Lopez's offense conduct is serious and because the Government believes that the MDC remains equipped to protect Lopez from exposure to COVID-19. Defense counsel submitted a reply letter on April 5, 2020. The Honorable Kimba M. Wood, the district judge to whom this case is assigned, has referred this application to Magistrate's Court. Given the existence of the COVID-19 pandemic, a hearing was held today by telephone with the defendant having waived his

appearance (Dkt. No. 163). For the reasons that follow, the Court grants Lopez's request to be temporarily released pending sentencing.

Section 3145(c) of Title 18 creates a narrow exception to mandatory pretrial detention under 18 U.S.C. sec. 3143(a)(2). It provides, in relevant part, that: "A person subject to detention pursuant to sec. 3143(a)(2) . . . and who meets the conditions of release set forth in sec. 3143(a)(1) . . . may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18. U.S.C. sec. 3145(c) (emphasis added). The conditions of release set forth in sec. 3143(a)(1) require a finding by the court "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. sec. 3143(a)(1). "[E]xceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). Other judges in this District have recognized that the heightened threat posed by COVID-19 to an inmate with a documented respiratory condition in a detention facility with multiple confirmed cases "present[s] a unique combination of circumstances," *DiSomma*, 951 F.2d at 497, justifying release under sec. 3145(c). *See, e.g., United States v. McKenzie,* No. 18-CR-834 (PAE), 2020 WL 1503669, at *2-3 (Mar. 30, 2020) (granting bond pending sentencing, pursuant to section 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been

3

released on bond); *United States v. Witter*, No. 19-CR-568 (SHS), Dkt. No. 40, at 2-3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to section 3145(c), to defendant who had pleaded guilty to narcotics conspiracy). Of course, the determination whether a given circumstance presents "exceptional reasons" under section 3145 requires a "case-by-case" evaluation by the court, and the court's discretion is "constrained only by the language of the statute: 'exceptional reasons.'" *DiSomma*, 951 F.2d at 497.

Lopez argues that in light of the COVID-19 pandemic and the fact that he has preexisting conditions that heighten the risk of complications, exceptional circumstances warrant his release pending sentencing. Lopez chronicles his medical history in his submission, which includes the following: (1) he is prescribed an asthma pump; (2) his asthma has at times required hospital care; (3) he has had episodes of asthmatic distress while at the MDC prior to the current virus outbreak; (4) he had extensive surgery in 2013 as a result of a traumatic accident which required a period of significant hospitalization, and the injuries stemming from the accident included lung damage that further compromised his respiratory system; and (5) he has twice been hospitalized since his incarceration due to acute kidney failure. *See* Defendant's March 26 Letter at 2 and Exhibits A-D. The Government contends that Lopez has not produced sufficient evidence that his health risks are "substantial enough" to justify his release (without suggesting, in this fast-moving situation, what would be sufficient), nor "is there any evidence that the risks to the

defendant if he remains in custody are less than the risks to the community if he is released." Government Letter at 4.

On the record presented, the Court concludes that Lopez has established exceptional reasons warranting his release pending sentencing. COVID-19 is an unprecedented public health crisis, as has been documented in many other decisions issued by other judges in this Court, and will not be repeated here. *See, e.g., United States v. Stephens*, No. 15-CR-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020). The Government does not dispute that this is an unprecedented health crisis, or that Lopez is a high-risk individual. It simply believes that given the serious crime to which he has pled guilty, combined with its belief that Lopez will be just as safe on the inside than on the outside, the relief sought is unwarranted. The Court wishes it could have the same confidence as the Government.[2] In the circumstances of this case, the Court believes that Lopez's risks while in custody as a result of his medical condition present a "unique combination of circumstances giving rise to [a] situation[] that [is] out of the ordinary." *DiSomma*, 951 F.2d at 497; *see also United States v. Perez*, No. 19-CR-297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application in light of "the unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should he contract COVID-19").

---

[2] The Court notes the concerns raised by Dr. Jonathan Giftos about the conditions at the MDC in his affidavit submitted by the defendant as part of his application for bail. *See* Defendant's March 26 Letter, Exhibit E.

5

In addition to determining that exceptional circumstances exist, the Court must also find that Lopez "meets the conditions of release set forth in section 3143(a)(1)." 18 U.S.C. sec. 3145(c). Section 3143(a)(1), which provides for release or detention pending sentencing, requires that the Court find "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

In this case, I conclude that there is clear and convincing evidence that Lopez is neither likely to flee nor poses a danger to the safety of others in the community. There is no evidence to suggest that Lopez is likely to flee, apart from the potential for a substantial sentence resulting from his conviction. Indeed, it would be difficult in these times for Lopez to avail himself of transportation away from New York City, where in any event he is a lifelong resident with strong family ties. *See United States v. Fellela*, No. 3:19-CR-79 (JAM), 2020 WL 1457877, at *1 (D. Conn. Mar. 20, 2020) ("Flight would be enormously more risky and complicated in light of the travel and commercial restrictions brought on by the COVID-19 virus.").[3] Separately, the Government has proffered no evidence to suggest that Lopez's conviction involved violent conduct, and the Government conceded as much at the bail hearing today. Thus, on the present record, the Court finds that Lopez's release would not pose a danger to the community.

---

[3] To that end, the Court is mindful of the letters of support from his parents and child, as well as several friends, that were submitted in support of this application. *See* Defendant's Letter dated April, 5, 2020, Exhibit C.

6

The Court is aware of the serious crime to which Lopez has pled guilty and of his extensive criminal history, including the fact that he committed the present offense while out on supervised release. In ordinary circumstances, Lopez would not be a likely candidate for bail, and at the time of his arrest Pretrial Services did, in fact, recommend that he be detained (to which he agreed). But these are not ordinary circumstances. Given the totality of the circumstances in this case, Lopez's application is granted, and he is to be temporarily released on the following conditions:

- $500,000 personal recognizance bond;
- The bond to be co-signed by five financially responsible persons;
- The bond also to be secured by the property owned by proposed co-signer Jose Fournier (which it is represented by defense counsel has equity of approximately $100,000);
- Defendant to reside with his common law spouse, Millie Travieso, and their daughter, as well as his mother;
- Home incarceration enforced by electronic monitoring to be arranged by pretrial services (defendant may not leave residence except for necessary medical services). All other leave from the residence must be submitted through defense counsel for the Court's approval;
- Unless otherwise approved by the Court, the location monitoring equipment shall be installed no later than 14 days after release during which the defendant is ordered to self-quarantine;

7

- All mandatory conditions of release set forth in the standard "Order Setting Conditions of Release" form;
- No visitors to the residence except for family members and defense counsel;
- No contact with co-defendants under any circumstances;
- Travel restricted to the Southern and Eastern Districts of New York;
- Surrender of all passports and other travel documents and make no new applications;
- Pretrial supervision as directed;
- Drug testing and treatment as directed by pretrial services;
- No possession of any firearm, destructive device, or other weapon;
- No use or possession of any narcotic drug or controlled substance unless prescribed by a licensed medical professional; and
- Defendant to promptly inform pretrial services when any cohabitant of the residence, including himself, becomes symptomatic of any illness.

Lopez's release is to occur only upon the satisfaction of all of these conditions.

The Court finds these conditions, taken together, adequately protect the safety of the community and ensure Lopez's return for sentencing while minimizing the threat to his health.

The stakes will be very high were Lopez to violate these conditions, even in the slightest degree. Lopez's counsel is directed to provide Lopez a copy of this Order as soon as practicable and to advise him that he could face the additional

8

crime of bail jumping were he not to comply with the conditions set forth in this Order.

Because his release is tied to the threat of the COVID-19 pandemic, Lopez's release shall be reassessed every 60 days to determine whether the exceptional circumstances justifying his release have dissipated. To that end, not later than **June 6, 2020**, the parties must submit a joint letter discussing whether extraordinary reasons compelling Lopez's release continue to exist.

No longer than 72 hours following his release from the MDC, Lopez and his counsel, along with counsel for the Government and the assigned pretrial services officer, must appear for a teleconference with the Court to ensure that Lopez fully understands the conditions of his release.

    **SO ORDERED.**

Dated:    New York, New York
           April 6, 2020

_____
JAMES L. COTT
United States Magistrate Judge